UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| MEL LINDSEY ATWELL, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| v. ) | No. 1:11-cv-240 |
| ) | *Chief Judge Curtis L. Collier* |
| TROOPER JAMES VANDIKE, ) | |
| ) | |
| *Defendant*. ) | |

## **MEMORANDUM**

Plaintiff Mel Lindsey Atwell ("Plaintiff") is confined at Community Corporation of American at Silverdale, in Chattanooga, Tennessee. Plaintiff has filed a *pro se* civil rights action under 42 U.S.C. § 1983 complaining about alleged defamatory and slanderous testimony given by Trooper James VanDike in a court proceeding in Grundy County (Court File No. 1).

On September 2, 2011, an Order directing Plaintiffs to either pay the $350.00 filing fee or submit an *in forma pauperis* application along with a copy of his inmate trust account and a Prisoner Account Statement Certificate, within thirty days from the filing date of the order, was mailed to Plaintiff at the address which he provided to the Court—CCA Silverdale. As of October 13, 2011, Plaintiff has failed to filed the necessary documents or respond to the Court's September 2, 2011, Order.

Federal Rule of Civil Procedure 41(b) permits the involuntary dismissal of a suit when a plaintiff fails to prosecute his case. This authority is based on the Court's inherent authority to control its docket and prevent undue delays in the disposition of pending cases. *Roadway Exp., Inc. v. Piper,* 447 U.S. 752, 765 (1980) ("'The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted. The power

to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts.'") (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 632 (1962)). The Plaintiff's failure to abide by the Court's Order and the Court's interest in managing the docket weigh in favor of dismissal, as the Court cannot hold this case in abeyance indefinitely based on Plaintiffs' failure to timely file the required documents.

Plaintiff has given no indication he intends to proceed with this action. Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. This authority is based on the Court's inherent authority to control its docket and prevent undue delays in the disposition of pending cases. Given the Plaintiff's failure to abide by the Court's Order, no lesser sanction than dismissal is feasible.

Therefore, this action will be **DISMISSED** for Plaintiff's failure to prosecute and to comply with the Orders of this Court. *See* Fed. R. Civ. P. 41(b); *Jourdan v. Jabe*, 951 F.2d 108 (6th Cir. 1991).

A judgment will enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**